[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF COURT'S SEPTEMBER 30, 1999 DECISION REGARDING COUNSEL FEES
In reaching its decision of September 30, 1999 regarding counsel fees awarded to defendant in connection with Motion for Contempt Post Judgment (#124 in the court file), this Court carefully considered the testimony of the parties and witnesses, the exhibits and documents submitted at the hearing and the statutory criteria regarding counsel fees.
Specifically on the issue of counsel fees, this Court also made the following findings:
1) The financial status of both parties was as represented on their financial affidavits submitted at the hearing.
2) The defendant was in contempt of the court's order to CT Page 14554 "make ongoing and reasonable efforts to locate suitable employment" and to "report his efforts in writing twice a year once he completes the `First Step' program." See page 3 of Judgment dated April 14, 1994, Hurley, J. and Contempt Citation dated July 31, 1998 (#122 in the court file).
3) Plaintiff's Motion to Open and Modify Judgment — Post Judgment (#123 in the court file) was not filed frivolously by plaintiff. Although denied by this Court, it warranted close scrutiny by the court.
4) Although defendant was back in the First Step program at the time of this hearing, he had been out of the program and working during some of the time between 1996 and 1999.
5) At the time the Separation Agreement dated April 14, 1994 (#116 in the court file) was signed by the parties, Adam A. Laben also signed it as defendant's conservator.
6) The defendant applied to the Probate Court for termination of the conservatorship post judgment and said application was granted in 1996.
7) Another conservator was not appointed for the defendant until May 7, 1999.
8) Defendant's financial problems were not solely due to plaintiff's failure to pay alimony on a regular basis.
Based on above, this Court awarded counsel fees in the amount of $900.00. Defendant's Motion for Reconsideration of that decision is denied.
Kenefick, J.